NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OMILANA THOMAS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF TRANSPORTATION,**
*Intervenor*

---

2016-1341

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-15-0111-I-1.

---

Decided: September 22, 2016

---

OMILANA THOMAS, Rockville Centre, NY, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by FRANKLIN E. WHITE, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Omilana Thomas appeals the final judgment of the Merit Systems Protection Board (MSPB) dismissing her involuntary retirement appeal.[1] The Board held that Ms. Thomas failed to establish that her retirement from the Federal Aviation Administration (FAA) was involuntary, and dismissed the appeal. We *affirm* the decision of the Board.

## BACKGROUND

Ms. Thomas was employed as a Human Resources Specialist in the Queens, New York office of the FAA. On April 22, 2014, Ms. Thomas was informed that she would be reassigned to a Benefits Operation Center (BOC) in Kansas City, Missouri, as part of a consolidation of regional benefits specialists into the centralized BOC. Ms. Thomas was informed that she would hold the same position at the BOC, be eligible for relocation expenses, and maintain the same base pay and grade.[2] The reassignment notification letter included a conditional elec-

---

[1]     *Thomas v. Dep't of Transp.*, No. NY-0752-15-0111-I-1, 2015 WL 7199674 (MSPB, Nov. 16, 2015) (Final Decision).

[2]     Ms. Thomas' gross pay would have been reduced to accommodate the lower Kansas City locality adjustment rate.

tion form; Ms. Thomas was informed that electing reassignment was for planning purposes only.

On April 28, 2014, Ms. Thomas was also informed that she was eligible for special consideration for vacancies at her current duty location in Queens. The FAA explained that hiring officials would consider her application before other candidates if she qualified for a particular vacancy, but did not guarantee selection. The letter also stated that if Ms. Thomas applied for and accepted a lower grade position, the demotion would be considered an "involuntary-management action" for pay retention purposes. On June 20, 2014, Ms. Thomas returned the conditional election form, indicating that she accepted the administrative reassignment. On August 15, 2014, Ms. Thomas' manager corrected the pay retention information and informed Ms. Thomas that under the terms of the reassignment, pay retention was unavailable.

In August 2014, Ms. Thomas applied for a Labor Relations Assistant opening. Ms. Thomas was interviewed, but was not hired for the position. Ms. Thomas did not report for duty, as scheduled, in Kansas City on January 12, 2015, but instead applied for discontinued service retirement and retired at a reduced annuity, effective January 10, 2015.

Ms. Thomas filed an appeal with the MSPB, asserting that she retired from the FAA involuntarily. She stated that the reassignment was the result of coercion because the administrative reassignment was not a valid exercise of agency authority. She also stated that she was provided insufficient and misleading information regarding the reassignment and special consideration, and that she was placed on sick leave restriction as an intimidation tactic. She explained that she could not accept reassignment due to financial and family obligations.

The AJ determined that that although Ms. Thomas non-frivolously alleged that her retirement was involun-

tary, she did not establish by a preponderance of the evidence that her retirement was involuntary. The AJ found that the FAA established a bona fide management reason for reassigning Ms. Thomas to the Kansas City office. Further, the AJ determined that Ms. Thomas had not demonstrated that the agency provided her with inadequate or misleading information. The AJ recognized that personal and financial issues impacted Ms. Thomas' ability to relocate, but that those factors did not make her retirement involuntary. The AJ dismissed Ms. Thomas' case for lack of jurisdiction, on the basis that the retirement was voluntary.

The full Board affirmed, holding that the difficult nature of Ms. Thomas' decision did not render the retirement involuntary. Final Decision ¶ 12. The Board further found that Ms. Thomas had not shown that she based her retirement decision on misinformation from the FAA. Final Decision ¶¶ 9–11.

This appeal followed.

## DISCUSSION

The issue is whether Ms. Thomas' retirement was voluntary, an issue whose determination is within the Board's jurisdiction. Ms. Thomas bears the burden of establishing non-voluntariness by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(A).

## A

An involuntary retirement is deemed equivalent to forced removal. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). An employee's resignation or retirement is presumed to be voluntary, placing the burden of demonstrating involuntariness on the employee. *Id.* at 1124. Ms. Thomas contends that the actions of the FAA led her to retire involuntarily and that the agency's reassignment plan amounted to an improper removal action.

There are two principal grounds on which a retired employee may overcome the presumption of voluntariness: (1) the retirement was the product of misinformation or deception by the agency; or (2) the retirement was the product of coercion by the agency. *Id.* at 1124.

To establish that the agency coerced her into retiring, Ms. Thomas must show "that the agency effectively imposed the terms of [her] resignation or retirement, that [she] had no realistic alternative but to resign or retire, and that [her] resignation or retirement was the result of improper acts by the agency." *Id.* Involuntariness "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Id.*

Ms. Thomas first asserts that her retirement was coerced by an improper reassignment. For a directed reassignment to be coercive, it must be based on neither a legitimate nor a bona fide management reason, that is, a reason that has no solid or substantial basis in personnel practice or principle. *Rayfield v. Dep't of Agricul.*, 26 M.S.P.R. 244, 246 (1985). However, if the agency establishes that a reassignment is legitimate, the Board does not review the management considerations that underlie the exercise of agency discretion. *Frey v. Dep't of Labor*, 359 F.3d 1355, 1358 (Fed. Cir. 2004).

Ms. Thomas argues that the reassignment was not bona fide and was not based on legitimate management considerations because the benefits specialists in the FAA's Washington, D.C. headquarters were not required to relocate to Kansas City. She also argues that the reassignment was sudden and was inconsistent with the policy of the prior leadership team; that the relocation was unnecessary because her work performance was

effective at her regional duty station; and that the centralized BOC has not achieved greater efficiency or more consistent service. She states that the leadership responsible for the Kansas City consolidation has left the agency.

The FAA submitted declarations establishing that the headquarters benefits specialists perform different functions, and that the FAA decided to fully consolidate operations in Kansas City after partial centralization failed to realize the desired efficiency gains. The Board found that the reassignment was a legitimate exercise of FAA authority, and declined to consider the underlying reasons for the centralization plan. The success or failure of an agency's legitimate reorganization plan is not relevant to whether the employee's reassignment was bona fide.

Ms. Thomas also states that she was threatened with sick leave restriction, affecting her caretaking responsibilities and personal health issues. The Board concluded that the requirement for documentation from a doctor for sick leave did not render Ms. Thomas' working conditions so intolerable that a reasonable employee would have felt compelled to retire.

Ms. Thomas asserts that she was faced with choosing between retiring and relocating to Kansas City, rendering her retirement involuntary. The relocation presented Ms. Thomas with difficult familial, health, and financial situations; however, precedent establishes that such a dilemma does not make the choice to retire involuntary. "The fact that an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats*, 99 F.3d at 1124; *see also Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984). The Board's decision was in accordance with the law in ruling that her retirement was not coerced.

## B

Ms. Thomas also states that the FAA provided her with misleading information, on which she relied in deciding to retire. For example, Ms. Thomas states that agency officials were unprepared for or cancelled meetings; that they provided conflicting, piecemeal, or disingenuous information about relocation; and delayed providing information on voluntary early retirement options and incentives (VERA/VSIP). Ms. Thomas also states that the offer of priority consideration in applying for other positions was misleading because she did not receive special consideration. She states that the agency did not assist her in finding a new placement without relocation, and that she was given inaccurate information about the availability of pay retention for positions at lower grade.

The FAA submitted declarations from the hiring official explaining that Ms. Thomas received special consideration and was interviewed in accordance with the special consideration letter. The FAA also provided information to Ms. Thomas about the VERA and VSIP programs approximately eight months before she retired on January 10, 2015. The FAA conceded that it had misstated pay retention in the initial letter, and stated that it had corrected its error by email five months before Ms. Thomas' retirement.

The Board found that the FAA provided Ms. Thomas with sufficient information and time to decide whether to resign, retire, or relocate. The Board found that the agency did not act improperly, and that Ms. Thomas had not established that her retirement was due to agency misinformation, coercion, or other misfeasance. These findings were supported by substantial evidence.

CONCLUSION

We affirm the Board's dismissal of Ms. Thomas' appeal.

**AFFIRMED**

No Costs.